# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| ROXANNE L. SLAUGH, an individual in her capacity as Successor Trustee of the Neidigh Trust, dated April 21, 2010 and amended June 10, 2015<br><br>      Plaintiff,<br><br>      vs.<br><br>MARIANNE POSELEY WAGNER MARRQUARDT NEIDIGH,<br><br>      Defendant. | Case No.: 2:15-cv-00555-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION AND ABSTENTION**<br><br>**(Docket No. 3)** |

Now pending before this Court is Defendant's Motion to Dismiss for Lack of Diversity Jurisdiction and Abstention (Docket No. 3). At the close of the June 22, 2016 hearing on Defendant's Motion to Dismiss, the Court discussed preliminary assessments of the Motion's merits for the benefit of the parties moving forward. Having carefully considered the record, and now, after additional consideration, that position remains unchanged and is formalized in this Memorandum Decision and Order.

## I. DISCUSSION

Defendant originally moved to dismiss Plaintiff's Complaint on two grounds: (1) lack of diversity jurisdiction, and (2) abstention. *See generally* MTD (Docket No. 3). Since filing her Motion to Dismiss, an additional basis to dismiss Plaintiff's Complaint presented itself – the probate exception to federal jurisdiction. *See* Reply in Supp. of MTD, pp. 4-6 (Docket No. 8). Defendant's Motion to Dismiss is granted, in part, and denied, in part, as follows:

**MEMORANDUM DECISION AND ORDER - 1**

First, as to diversity jurisdiction, Plaintiff brings this action as a successor trustee of the Neidigh Trust.  Although a personal representative of a decedent's estate is considered a citizen of the same state as the decedent, a successor trustee may bring diversity actions in his or her own name and upon the basis of his or her own citizenship.  *See Fall v. Keasler*, 1991 WL 340182, *1 (N.D. Cal. 1991) ("It is well-settled federal law that a trustee who holds legal title to trust assets has authority to sue to protect those assets.  It is the citizenship of the trustee and not the beneficiaries of the trust that controls in determining diversities . . . .") (citing *Chappedelaine v. Dechenaux*, 8 U.S. 306, 307 (1808)).  Here, Plaintiff is a resident of California.  Defendant is a resident of Idaho.  They are diverse, and there is no dispute over the amount-in-controversy.  Accordingly, diversity jurisdiction exists.  Defendant's Motion to Dismiss is denied in this regard.

Second, as to abstention, Defendant argues that simultaneous state court proceedings involving state law should proceed first so as to inform – if not also dispose of – any tangential issues at play here.  *See* MTD, p. 4 (Docket No. 3) ("Ms. Slaugh is a defendant in the State Court Action, an action that raises virtually all of the issues she wants to litigate in this Court. . . . .  No federal question is presented as only matters involving state law are at issue; no purpose or economy is served in allowing parallel cases to simultaneously proceed at both the federal and state levels; and this Court's decisions may not only conflict with, but interfere in, the judicial process pending in Idaho.").  However, in the Court's mind, the particular contours of the manner in which the dispute is at issue in the state court proceedings are still inchoate.  As a result, it cannot be concluded that there is a sufficient match in what will take place elsewhere,

**MEMORANDUM DECISION AND ORDER - 2**

how it may take place elsewhere, and the particular effect of whatever rulings might occur

elsewhere, to make it apparent that abstention is appropriate here and now.  Some of the disputed

landscape in the two courts share similar characteristics and those similarities have been

carefully scrutinized– in part because they also apply to the questions raised by the probate

exception argument (discussed *infra*)).  But such parallels, standing alone, do not warrant

abstention, where to do so would abdicate this Court's "virtually unflagging" obligation to

adjudicate claims within its jurisdiction.  *Colorado River*, 424 U.S. at 817.  Defendant's Motion

to Dismiss is denied in this regard.

Third, as to the probate exception, before the ruling in *Marshall v. Marshall*, 547 U.S.

293 (2006), a strong argument could have been made in favor of the exception's application

here, given "common denominators" at play between the state court cases and this case.

However the *Marshall* decision narrowed the circumstances in which the probate exception

applied, with Justice Ginsburg concluding:

> [T]he probate exception reserves to state probate courts the probate or annulment of
> a will and the administration of a decedent's estate; it also precludes federal courts
> from endeavoring to dispose of property that is in the custody of the state probate
> court.  But it does not bar federal courts from adjudicating matters outside those
> confines and otherwise within federal jurisdiction.

*Id*. at 311-12.  In turn, the Supreme Court reversed the Ninth Circuit and allowed petitioner's

tortious interference claim to proceed in federal court, alongside a contemporaneous Texas

probate court action, commenting:

> As the Court of Appeals correctly observed, Vickie's claim does not involve the
> administration of an estate, the probate of a will, or any other purely probate matter.
> Provoked by Pierce's claim in the bankruptcy proceedings, Vickie's claim . . . alleges
> a widely recognized tort.  Vickie seeks an *in personam* judgment against Pierce, not
> the probate or annulment of a will.  Nor does she seek to reach a *res* in the custody
> of a state court. . . . .  At issue here, however, is not the Texas Probate Court's

**MEMORANDUM DECISION AND ORDER - 3**

jurisdiction to entertain Vickie's tortious interference claim.  Under our federal system, Texas cannot render its probate courts exclusively competent to entertain a claim of that genre.

*Id*. at 312, 314 (internal quotation marks and citations omitted).[1]

In other words, after *Marshall*, federal courts must narrowly apply the probate exception to matters strictly within the province of state probate courts (e.g., probating a will, administering an estate, or disposing property in a state probate court's custody), keeping in mind that a party seeking to be heard in federal court and who is entitled to be heard in federal court, should be provided that forum.

Still, a dilemma remains, because Plaintiff's claim is not identical to that which is sometimes found in the claims at play in *Marshall* (e.g., a state-law tort action for interference with an expected inheritance or gift).  That is, the Complaint in this case essentially represents a declaratory judgment action  – one that, while touching on issues of undue influence, also speaks to issues surrounding a trustee's powers.   The Court is well aware that, in this setting, such issues are commonly part of a general estate planning process.  But, on balance, the Court is persuaded, given *Marshall*, that the dispute framed in this case can and should go forward here in federal court.

_____

[1]  In his concurrence, Justice Stevens went even further, stating in part:

Whatever the continuing viability of these individual [jurisdictional] rules, together they are more than adequate to the task of cabining federal courts' jurisdiction.  They require no helping hand from the so-called probate exception.

Rather than preserving whatever vitality that the "exception" has retained as a result the *Markham* dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the *Rooker-Feldman* doctrine.

*Marshall*, 547 U.S. at 318.

**MEMORANDUM DECISION AND ORDER - 4**

Any hesitation in *not* applying the probate exception across-the-board is a function of Plaintiff's bid to have the at-issue codicil declared invalid. *See, e.g.*, Compl., ¶ 42 & 47 (Docket No. 1). Such a request is more closely aligned with a probate court's responsibilities with assets under its control, to the point that retaining such a claim would "cut too close to the bone" of taking action that would interfere in some way with that already before the state court. Hence, Defendant's Motion to Dismiss is granted in this limited respect.

## II.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Diversity Jurisdiction and Abstention (Docket No. 3) is GRANTED, in part, and DENIED, in part, as follows:

1.      Diversity jurisdiction exists. Defendant's Motion to Dismiss is denied in this respect;

2.      Abstention does not apply. Defendant's Motion to Dismiss is denied in this respect.

3.      The probate exception will not be applied *in toto*. Defendant's Motion to Dismiss is denied in this respect. However, the Court will apply the probate exception to Plaintiff's claims related to the at-issue codicil. Defendant's Motion to Dismiss is granted in this limited respect.

DATED:  **August 18, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**